DOWD, District Judge,
dissenting.
Whether the language of a contract is ambiguous is a question of law for the court. Appendix E is at the core of that question in this case.
Appendix E begins by creating a defined term — “Plan”—and uses that defined term consistently in paragraphs l^f, which includes the reservation of rights clause. Paragraph 5 then switches to the generic undefined term — '“pension plan” — below which is listed the “principal provisions of the pension plan.”
Following numbered paragraph 5 are three pages of titled, but unnumbered sections. Among those sections is a provision for “RETIREE MEDICAL COVERAGE,” which provides “[cjontinuous health insurance and prescription drug coverage will be provided to current retirees ... This coverage is provided for the spouse retirees only during the life of the retiree, except as provided below.... (Benefits will be coordinated with Medicare and all benefits will cease upon death of retiree, unless retiree’s spouse is under 65 years of age, in which case benefits for the spouse and dependents [sic] children of the retiree, will not cease until spouse remarries or reaches age 65.[) ]”
Also following paragraph 5 are two unnumbered sections addressing eligibility and vesting. The vesting section is titled “VESTED PENSION RIGHTS,” and requires minimum continuous credited service of 5 years.
The language of Appendix E is poorly drafted and not a model of clarity. At the summary judgment stage, ambiguities and inferences are to be drawn in favor of the nonmoving party. In this judge’s view, when that standard is applied to Appendix E, its references to “Plan” and “pension plan” and “continuous health insurance and prescription drug coverage *781 [for] current retirees and ... spouses of retirees ...” and “vested pension rights” are subject to more than one plausible interpretation on the question of whether the benefits at issue are vested or subject to termination.
As a consequence, I would remand this case to the district court for consideration of extrinsic evidence to determine the intent of the parties on the issue of vesting.
For these reasons, I respectfully dissent.